UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>JORGE PEREZ,<br><br>                         Defendant. | 24 Cr. 368 (JHR)<br><br><u>OPINION & ORDER</u> |

JENNIFER H. REARDEN, District Judge:

Defendant Jorge Perez is before the Court for sentencing. On November 7, 2024, Defendant pleaded guilty, pursuant to a plea agreement, to Count I of the Indictment. Count I charged Defendant with solicitation and receipt of a bribe by an agent of an organization receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B). Pursuant to the plea agreement, "the applicable advisory Sentencing Guideline [offense] level is 17," Defendant is in Criminal History Category I, and "the suggested Guideline range is 24 to 30 months imprisonment." ECF No. 45 (Def.'s Sentencing Mem.) at 22-23; ECF No. 46 (Gov't's Sentencing Mem.) at 2-3. This calculation was based on the parties' understanding that Defendant's driving while ability impaired ("DWAI") infraction, a civil violation of New York Vehicle & Traffic Law section 1192(1), resulted in "one criminal history point," rendering Defendant "not eligible under the Guidelines for the 'Zero Point Offender' reduction of two levels." Def.'s Sentencing Mem. at 22-23; Gov't's Sentencing Mem. at 2-3; *see also* U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 4C1.1(a) (U.S. Sent'g Comm'n 2024). The Probation Office also added one criminal history point for Defendant's DWAI offense. *See* ECF No. 41 (Presentence Investigation Report) at 10-11. Without the criminal history point, the applicable sentencing Guideline offense level would be "two levels lower," at 15, with a "corresponding Guidelines range of 18-24 months." Def.'s Sentencing Mem. at 23.

For the reasons set forth below, the Court concludes that Defendant's DWAI violation does not result in a criminal history point.

## BACKGROUND

### A.    Offense Conduct

From 2014 through 2022, Defendant was employed as a resident building superintendent at various New York City Housing Authority ("NYCHA") developments in the Bronx, New York.  *See* Def's Sentencing Mem. at 11; Gov't's Sentencing Mem. at 1.  While serving as superintendent, from 2015 to 2020, Defendant "requested and accepted payments from two contractors who were awarded no-bid micro purchase contracts" from NYCHA, amounting to "approximately $30,000 in cash payments" on NYCHA contracts worth "about $275,000." Def's Sentencing Mem. at 22; *see also* Gov't's Sentencing Mem. at 1-2.

### B.    New York State Driving While Ability Impaired Infraction

In 2016, Defendant pleaded guilty to a DWAI infraction.  *See* N.Y. Veh. & Traf. Law § 1192(1); Gov't's Sentencing Mem. at 2-3; Def's Sentencing Mem. at 21-22.  As described in the Government's June 6, 2025 letter:

> On or about May 2, 2015, at approximately 2:00 a.m., after consuming 4 or 5 beers, the Defendant drove his vehicle home from another location.  While driving, the Defendant crossed the double-yellow line and drove on the wrong side of the road to avoid a parked car.  Police officers pulled the Defendant over and observed him to be visibly intoxicated.  The Defendant slipped as he exited his vehicle, was unsteady on his feet, smelled of alcohol, had bloodshot, watery eyes, was slurring his speech, and admitted to drinking and driving.  At the precinct, the Defendant was unable to give a coherent answer to a request for consent to administer a breathalyzer.  The Defendant was then administered manual coordination tests and failed some of those tests.  After receiving *Miranda* warnings, the Defendant admitted that he had consumed 4 or 5 beers and had been driving home.

ECF No. 52 (Gov't's June 6, 2025 Letter) at 1.  *See also* ECF No. 51 (Gov't's June 13, 2025 Letter); ECF No. 51-1 (Criminal History Report); ECF No. 51-2 (NYPD Arrest Report); ECF

No. 52-1 (Sworn Criminal Complaint); ECF No. 52-2 (Interview Notes of Arresting Officer); ECF No. 52-3 (Arresting Officer Memo Book); ECF No. 52-4 (Intoxication Test Reports); and ECF No. 52-5 (Video Recording of Coordination Tests).

Defendant was charged with driving while intoxicated, a misdemeanor in violation of section 1192(3) of the New York Vehicle and Traffic Law, and with DWAI, a traffic infraction in violation of section 1192(1) of the New York Vehicle and Traffic Law. N.Y. Veh. & Traf. Law §§ 1192(1), 1192(3); *see* Sworn Criminal Complaint at 1; Criminal History Report at 3. On April 22, 2016, Defendant pleaded guilty in Bronx County Criminal Court to the DWAI infraction. Criminal History Report at 3. The court imposed a sentence of conditional discharge for one year, a $500 fine (which Defendant has paid), and license suspension for 90 days. *Id.*

## C.    Procedural History

On January 31, 2024, Defendant was charged with "Solicitation and Receipt of a Bribe by an Agent of an Organization Receiving Federal Funds (Count I)" and "Extortion Under Color of Official Right (Count II)" in violation of 18 U.S.C. §§ 666(a)(1)(B) and 1961. *See* ECF No. 1. Defendant pleaded not guilty to both counts on June 13, 2024. *See* ECF No. 21. On November 7, 2024, Defendant changed his plea to guilty as to Count I, pursuant to an agreement with the Government. ECF No. 34 (Change of Plea Hr'g Tr.) at 37:18-38:8. Defendant's sentencing was scheduled for April 3, 2025 and subsequently adjourned, at Defendant's request, to May 6, 2025. *See id.* at 39:7-10; ECF No. 44.

Upon review of the Presentence Investigation Report and the parties' sentencing memoranda, the Court directed the parties to file supplemental briefs "addressing the applicability to [the Defendant's] sentencing of *United States v. Gonzalez-Rivera*, No. 05 Cr. 402, 2011 WL 4916395 (S.D.N.Y. Oct. 17, 2011) . . . [and] discuss[ing] the impact on the Defendant's DWAI offense, if any, of the 2012 Sentencing Commission amendments to Application Note 5 to

Section 4A1.2(c)."  ECF No. 47 (also citing *United States v. Potes-Castillo*, 638 F.3d 106 (2d

Cir. 2011)); *see* ECF No. 48 (Def.'s Supp. Br.) and ECF No. 49 (Gov't's Supp. Br.).  The Court

also ordered the submission of "any police reports, court papers, or other documentation in the[]

[parties'] possession, custody, or control that describes or otherwise elucidates the conduct that

led to Defendant Perez's May 2016 plea of guilty."  ECF No. 50.  The Government filed

Defendant's Criminal History Report and NYPD Arrest Report on June 6, 2025, ECF No. 51,

and the Sworn Criminal Complaint, Interview Notes of Arresting Officer, Arresting Officer

Memo Book, and Intoxication Test Reports, collected from the Bronx County District Attorney's

case file, on June 13, 2025, ECF No. 52.  Defendant did not submit any documents pursuant to

the Court's Order.  On June 19, 2025, the Court invited Defendant "to address the Government's

production, or its letters at ECF Nos. 51 and 52."  ECF No. 53.  In response, Defendant filed a

letter stating that he "rests on the arguments set forth in his [prior] submission."  *See* ECF No. 54

(citing Def.'s Supp. Br.).

## LEGAL STANDARDS

"A district court should begin all sentencing proceedings by correctly calculating the

applicable Guidelines range."  *Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v.*

*Smith*, 2025 WL 751377, at *2 (2d Cir. March 10, 2025) (summary order) ("A district court

commits procedural error if it improperly calculates the Sentencing Guidelines range, treats the

Guidelines as mandatory, or fails to consider the sentencing factors set forth in 18 U.S.C. §

3553(a).").  To do so, the Court must "[d]etermine the defendant's criminal history category,"

based on the number of "points" assigned according to the criteria in Chapter 4 of the Federal

Sentencing Guidelines Manual.  U.S.S.G. § 1B1.1(a)(6) and § 4A1.1 *et seq*.  When the defendant

has a prior DWAI offense, a district court's "fail[ure] to consider whether [his] sentence should

be counted or excluded under Section 4A1.2(c)(1)" necessitates resentencing.  *See Potes-*

4

*Castillo*, 638 F.3d at 114.  The Court applies the following legal standards in deciding whether to assign a criminal history point for Defendant's 2015 DWAI infraction.

**A.    New York DWAI Law**

The New York DWAI law provides that "[n]o person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol." N.Y. Veh. & Traf. Law § 1192(1).  "New York law defines a DWAI offense as a violation of civil vehicular law, not of the criminal code."  *See United States v. Paredes*, 185 F. Supp. 3d 287, 293-94 (E.D.N.Y. 2016); *see also* N.Y. Veh. & Traf. Law § 1193(1) ("A violation of [section 1192(1)] shall be a traffic infraction.").  "A traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment."  *Id*. § 155. "Federal and New York State courts have frequently recognized this distinction."  *Paredes*, 185 F. Supp. 3d at 294 (collecting cases).

**B.    United States Sentencing Guidelines Provisions**

"Chapter 4, Part A, Subpart 1 of the Sentencing Guidelines governs calculation of a defendant's criminal history score."  *Potes-Castillo*, 638 F.3d at 109.  "Criminal history points are accumulated when prior sentences meet qualifying criteria but do not also satisfy exclusionary criteria."  *Id.*  Section 4A1.2(c) "addresses which sentences 'are counted' by classifying all prior convictions into three groups based on the nature of the crime of conviction for which the sentence was imposed: (1) sentences that 'are counted,' U.S.S.G. § 4A1.2(c); (2) those that 'are counted' subject to possible exception, *id*. § 4A1.2(c)(1); and (3) those that are 'never counted,' *id*. § 4A1.2(c)(2)."  *Potes-Castillo*, 638 F.3d at 109.  With respect to the second category, "Section 4A1.2(c)(1) provides that prior sentences for certain enumerated misdemeanors and petty offenses—and offenses similar to (*i.e. not* 'categorically more serious

than')[1] those enumerated offenses—are counted toward a defendant's criminal history only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to the instant offense for which the defendant is now being sentenced." *United States v. Gonzalez-Rivera*, 05 Cr. 402 (KMW), 2011 WL 4916395, at *1 (S.D.N.Y. Oct. 17, 2011) (citing U.S.S.G. § 4A1.2(c)(1)). "One of th[e] enumerated misdemeanors in Section 4A1.2(c)(1) is 'careless or reckless driving.'" *Id.* (citing U.S.S.G. § 4A1.2(c)(1)).

## C.    Second Circuit Precedent

In *Potes-Castillo*, defendant Walter Gonzalez-Rivera had been "convicted of a DWAI offense after he drove through a steady red light while impaired by alcohol." *Gonzalez-Rivera*, 2011 WL 4916395 at *4. "During his sentencing hearings, Gonzalez-Rivera argued that his prior conviction should not be counted toward his criminal history score under the Sentencing Guidelines because it was similar to careless or reckless driving, one of the offenses listed in U.S.S.G. § 4A1.2(c)(1)." *Potes-Castillo*, 638 F.3d at 108. "The government argued that the prior sentence must be counted because Application Note 5 to Section 4A1.2(c) and three prior [Second Circuit decisions] required that the sentence be counted." *Id.*

At the time, Application Note 5 to Section 4A1.2(c) provided:

5. *Sentences for Driving While Intoxicated or Under the Influence.*—Convictions for driving while intoxicated or under the influence (and similar offenses by

---

[1] "Although 'categorically' might be misunderstood to mean that the unlisted offense is within a category that is more serious than the Listed Offenses, we . . . use[] the adverb in its ordinary sense to mean 'without qualification or reservation.'" *United States v. DeJesus-Concepcion*, 607 F.3d 303, 305 (2d Cir. 2010) (per curiam) (quoting *United States v. Morales*, 239 F.3d 113, 118 n.5 (2d Cir. 2000). Accordingly, "the Court will evaluate whether the unlisted offense is '*categorically more serious than*' the listed offense." *Gonzalez-Rivera*, 2011 WL 4916395 at *1 n.2 (citing *United States v.Ubiera*, 486 F.3d 71, 74 (2d Cir. 2007) (emphasis in original).

whatever name they are known) are counted.  Such offenses are not minor traffic
infractions within the meaning of § 4A1.2(c).

*Id.* at 110.  The Second Circuit deemed Application Note 5 "ambiguous."  *Id.* at 111.  "It can

mean that, like felonies, [DWAI] sentences are always counted, without possibility of

exception," or "that [DWAI] sentences must not be treated as minor traffic infractions or local

ordinance violations," which are "excluded under Section 4A1.2(c)(2)."  *Id.* at 110-11.  In the

end, the Second Circuit concluded that DWAI convictions "cannot be exempted [as minor traffic

infractions or local ordinance violations] under Section 4A1.2(c)(2)."  *Id.* at 113.  Instead, "non-

felony [DWAI] sentences should be treated like any other misdemeanor or petty offense," *id.* at

114, which are counted or excluded though the application of section 4A1.2(c)(1).  "This reading

. . . presents no conflict with the text of the Guideline section and, therefore . . . remains the most

accurate indication of how to apply the Guideline."  *Id.* (internal citation and quotation marks

omitted).

The Second Circuit instructed that, on remand, "the District Court's goal w[ould] be to

determine whether Gonzalez-Rivera's DWAI offense '[wa]s categorically more serious than'

careless or reckless driving."  *Potes-Castillo*, 638 F.3d at 113 (quoting *DeJesus-Concepcion*, 607

F.3d at 304).  "A district court may consider multiple factors in making its determination,

including: [1] a comparison of punishments imposed for the listed and unlisted offenses [*i.e.*, the

offense listed in Section 4A1.2(c)(1) and the offense that the defendant previously committed],

[2] the perceived seriousness of the offense as indicated by the level of punishment, [3] the

elements of the offense, [4] the level of culpability involved, and [5] the degree to which the

commission of the offense indicates a likelihood of recurring criminal conduct."  *Id.* (alterations

in original) (internal quotation marks omitted) (citing *DeJesus-Concepcion*, 607 F.3d at 305).  "It

may also consider any other relevant factor, including the actual conduct involved and the actual

penalty imposed." *Id.* (citing *DeJesus-Concepcion,* 607 F.3d at 305) (internal quotation marks

omitted).

### D.    Amended Application Note 5

Effective November 1, 2012, the Sentencing Commission amended Application Note 5

("Amended Application Note 5").  The amended Note provides:

> 5. *Sentences for Driving While Intoxicated or Under the Influence.*—Convictions
> for driving while intoxicated or under the influence (and similar offenses by
> whatever name they are known) are always counted, without regard to how the
> offense is classified.  Paragraphs (1) and (2) of § 4A1.2(c) do not apply.

Appl. Note 5 to U.S.S.G. § 4A1.2 (Am. Appl. Note 5).  The Commission stated that it issued the

amendment to overrule, in effect, the Second Circuit's opinion in *Potes-Castillo*:

> The amendment resolves the issue by amending Application Note 5 to clarify that
> convictions for driving while intoxicated and similar offenses are always counted,
> without regard to how the offenses are classified.  Further, the amendment states
> plainly that paragraphs (1) and (2) of § 4A1.2(c) do not apply.

> This amendment reflects the Commission's view that convictions for driving
> while intoxicated and other similar offenses are sufficiently serious to always
> count toward a defendant's criminal history score.  The amendment clarifies the
> Commission's intent and should result in more consistent calculation of criminal
> history scores among the circuits.

U.S.S.G. Supplement to App'x C, Amendment 766, 16-17; *see also* Gov't's Supp. Br. at 3.

The Second Circuit has not yet considered whether, in light of Amended Application

Note 5, "the modified categorical approach" set forth in *Potes-Castillo* still controls.  *See United*

*States v. Valente*, 688 F. App'x 76, 79 (2d Cir. 2017) (summary order).  As a general matter,

"commentary in the Guidelines Manual that interprets or explains a Guideline," such as

Amended Application Note 5, "is authoritative unless it violates the Constitution or a federal

statute, or is inconsistent with, or a plainly erroneous reading of, that Guideline."  *See United*

*States v. Rainford*, 110 F. 4th 455, 475 (2d Cir. 2024) (citing *United States v. Stinson*, 508 U.S.

36, 38 (1993)).[2]  In other words, "commentary is not 'binding in all instances,' including if it is inconsistent with the Guideline section it interprets." *Potes-Castillo*, 638 F. 3d at 111 (citing *Stinson*, 508 U.S. at 43.)

In the wake of *Potes-Castillo* and the amendment of Application Note 5, several courts in this Circuit concluded that Amended Application Note 5 does not remove the court's discretion to determine whether a violation of the New York DWAI law merits a criminal history point.[3]  In *United States v. Paredes*, 185 F. Supp. 3d at 295-296, the court held that Amended Application

---

[2] In *Kisor v. Wilkie*, 588 U.S. 558 (2019), the Supreme Court "modified the framework for reviewing an agency's interpretation of its own rule," causing some "debate" regarding the "continuing vitality" of the deference to Guidelines commentary first established in *Stinson*. *Rainford*, 110 F.4th at 475 n.5.  For its part, the Second Circuit has stated that it remains "obliged to adhere to *Stinson*, and thus to treat the Guidelines commentary as authoritative," *United States v. Zheng*, 113 F. 4th 280, 299 (2d Cir. 2024), unless "it is inconsistent with the Guideline section it interprets."  *Potes-Castillo*, 638 F.3d at 111.  Moreover, although the Second Circuit "has not addressed the question of how Guidelines commentary should be interpreted in light of *Loper Bright*," *United States v. Kukoyi*, 126 F. 4th 806, 812 n.3 (2d Cir. 2025), several other circuits have determined that "*Loper Bright* did not cast doubt on the deference *Kisor* afforded to an agency's reasonable interpretation of its own genuinely ambiguous regulation" and thus "continued to defer to the Commission's commentary under *Kisor*."  *United States v. McIntosh*, 124 F. 4th 199, 205 n.3 (3d Cir. 2024).  *See also United States v. Boler*, 115 F.4th 316, 322 & n.4 (4th Cir. 2024) (deferring to Guidelines commentary under *Kisor* because "*Loper Bright* ... did not address the issue of agency interpretations of their own regulations"); *United States v. Trumbull*, 114 F.4th 1114, 1117-18, 1118 n.2 (9th Cir. 2024) (similar); *United States v. Ponle*, 110 F.4th 958, 961-63, 961 n.3 (7th Cir. 2024) (similar).

[3] The first case to address this question, *Gonzalez v. United States*, No. 14 Civ. 8760 (DLC), 2016 WL 270451 (S.D.N.Y. Jan. 21, 2016), was a *pro se* petition for a writ of habeas corpus, in which the defendant alleged ineffective assistance of counsel because his attorney "should have been aware of Second Circuit precedent that would have required the court to exclude his [two prior] DWAI convictions from his criminal history calculation." *Gonzalez*, 2016 WL 270451 at *2 (citing *Potes-Castillo*, 638 F.3d at 106).  The court concluded that "the amended version of Application Note 5 was in effect . . . meaning that his DWAI convictions would have increased his Guidelines range notwithstanding his attorney's possible arguments to the contrary."  *Id.* at *3.  Decided without the benefit of interpretation of Amended Application Note 5 by other courts in this Circuit or of briefing from counsel for the plaintiff, *Gonzalez* now stands apart from more recent decisions, such as *Paredes, Walia*, and *Valente*, discussed herein, that conclude that Amended Application Note 5 "does not mechanically apply" to DWAI offenses. *United States v. Walia*, No. 14 Civ. 213 (MKB), 2016 WL 4257347, at *6 (E.D.N.Y. Aug. 11, 2016).

Note 5 did not apply because "[defendant's] DWAI offense did not result in a criminal conviction, but rather an 'infraction' of a non-criminal traffic law provision." *Id.*; *compare* Am. Appl. Note 5 ("*Convictions* for driving while intoxicated . . . are always counted." (emphasis added)) *with* N.Y. Veh. & Traf. Law § 1193(1)(a) ("Driving while ability impaired . . . shall be a traffic *infraction*" (emphasis added)).  The court observed that "individuals charged with DWAI infractions are routinely advised on the basis of New York law that pleading guilty will not lead to a conviction on their record." *Id.*; *Paredes*, 185 F. Supp. 3d at 295-296.  Accordingly, the court concluded that, "[b]ecause defendant was not convicted of any crime, and was probably so advised during his guilty plea, the DWAI infraction does not increase his criminal history under the Guidelines." *Id.*  The court also held that Amended Application Note 5 did "not apply" because "in New York, a person may commit a DWAI offense even if there is no driving involved," whereas Amended Application Note 5 "only applies to '[c]onvictions for *driving*.'"[4] *Id.* (alterations in original) (citing Am. Appl. Note 5).

*United States v. Walia*, 2016 WL 4257347 at *6, adopted this reasoning.  In *Walia*, the defendant, who was facing sentencing for various drug-related crimes, had previously pleaded guilty to a DWAI violation.  *Id.* at *1.  "[A]t the time of his arrest" for DWAI, "[d]efendant was not driving the car, but was instead asleep with the keys in the ignition and the engine running." *Id.*  The defendant was "subjected [] to a breathalyzer test that revealed a blood alcohol content of 0.165" and "sentenced to 15 days of imprisonment and a year of conditional discharge." *Id.*  The court began by interpreting *Potes-Castillo*'s instructions with respect to the pre-amendment version of Application Note 5, observing that "*Potes-Castillo* did not address *whether* Application Note 5 applies to violations of section 1192(1)," but only that "*when* Application

---

[4] The opinion does not describe the conduct that led to the defendant's DWAI violation.

Note 5 applies, DWAI infractions may be excluded under Section 4A1.2(c)." *Id.* at *5 (emphasis in original). Then, turning to "the plain language of [Amended] Application Note 5," the court found it "unclear whether the Sentencing Commission intended to address the *conduct* of driving while intoxicated or the *offense* of driving while intoxicated." *Id.* (emphasis in original). Ultimately, the court held that, "[i]n the absence of any evidence that [Amended] Application Note 5 was intended to cover non-driving conduct, and finding persuasive Judge Weinstein's reasoning [in *Paredes*] that [Amended] Application Note 5 was intended to cover only driving-related convictions . . . Application Note 5 does not mechanically apply to Defendant's [DWAI] offense." *Id.* at *6.

In *United States v. Valente*, the district court "assumed that *Potes-Castillo*," rather than Amended Application Note 5, "was controlling." *Valente*, 688 F. App'x at 78. The defendant in *Valente* had committed several driving-related offenses, including two crimes: "two prior sentences for [DWAI] infractions," a "misdemeanor sentence" of 60 days' imprisonment "for a [recidivist] DWAI",[5] and "a misdemeanor sentence for operating a motor vehicle without an ignition interlock device." *United States v. Valente*, No. 15-3912, ECF No. 48 (Appellee Br.) at *18 (2d Cir. filed Aug. 30, 2016). At the sentencing hearing, the district court commented that "the alcohol-related offenses should score under the guidance which the Circuit provided in [*Potes-Castillo*] . . . given the entire history of the criminal history . . . [which] reflects the failure to abide by restrictions placed on [defendant] as a result of the convictions." *Id.* at *3. Accordingly, the court "assess[ed] . . . a criminal history point for each of these DWAI convictions." *Valente*, 688 F. App'x at 79. The Second Circuit "[found] no error in [the district

---

[5] Pursuant to New York Vehicle & Traffic Law section 1193, a person who commits a DWAI offense following two or more DWAI violations within the preceding ten years "shall be guilty of a misdemeanor." N.Y. Veh. & Traf. Law § 1193(1)(a).

court's] determination that, under the analysis required by *Potes-Castillo*, certain of [Valente's] DWAI convictions were categorically more serious than careless or reckless driving." *Id*. at 78. In light of that holding, the Second Circuit determined that it did not "need . . . [to] address the merits of the[] arguments" regarding whether "*Potes-Castillo* [wa]s [still] controlling" following the amendment. *Id*.

## DISCUSSION

### A.    Amended Application Note 5

The Court must first address whether Amended Application Note 5's directive to "always count[]" "convictions for driving while intoxicated or under the influence (or similar offenses by whatever name they are known)" applies to Defendant's DWAI offense. Am. Appl. Note 5. For the separate and independent reasons discussed below, the Court concludes that Amended Application Note 5 does not apply.

### 1.    By its Plain Text, Amended Application Note 5 Does Not Cover DWAI Violations.

"The starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof." *Walia*, 2016 WL 4257347 at *5 (quoting *Ret. Bd. of the Policemen's Annuity & Benefit Fund v. Bank of N.Y. Mellon*, 775 F.3d 154, 165 (2d Cir. 2014)). By its plain text, Amended Application Note 5 applies to "convictions for driving while intoxicated or under the influence" and "similar offenses by whatever name they are known." Am. Appl. Note 5. Under New York law, "driving while intoxicated" is a misdemeanor requiring a blood alcohol content of at least 0.08. N.Y. Veh. & Traf. Law §§ 1192(2), 1193(1)(b). Other states refer to and classify this conduct in different ways. For example, in New Jersey, "driving while intoxicated," N.J.S.A. 39:4-50(a), while a civil traffic infraction, not a misdemeanor, also requires a blood alcohol content of at least 0.08. *See State v. Denelsbeck*, 225 N.J. 103, 119 (N.J.

2016) ("DWI is not a crime under New Jersey law." (internal quotation marks omitted)). In Connecticut, "operation while *under the influence* or while having an elevated blood alcohol content" is "a class B misdemeanor" and requires a blood alcohol content of at least 0.08. Conn. Gen. Stat. § 14-227a(a),(g) (emphasis added) and § 53a-26. Thus, within the New York tri-state area alone, the same offense conduct (*i.e.*, driving with a blood alcohol content of at least 0.08) is known by two different names and is a criminal offense in two states, New York and Connecticut, but not in a third state, New Jersey. The Sentencing Commission has explained that the amendment to Application Note 5 was motivated by such distinct approaches to "classifying" the same "offense conduct" and sought to "resolve[] differences among circuits regarding when prior sentences for the *misdemeanor offenses* of driving while intoxicated and driving under the influence (and any similar offenses by whatever name they are known) are counted." U.S.S.G. Supplement to App'x C, Amendment 766 at 15-16 (emphasis added). As the Second Circuit has observed, "[h]ad the Sentencing Commission wanted to prohibit the potential application of Section 4A1.2(c)(1) to *driving while ability impaired* convictions"—which do not require intoxication, much less a specific blood alcohol content—"it could have simply said so," but "[i]t did not." *Potes-Castillo*, 638 F.3d at 112 (emphasis added).

In this case, although Defendant was arraigned on one count of "Driving While Intoxicated," *see* Criminal History Report at 3, "the District Attorney's Office agreed to resolve [Defendant's] case through a guilty plea to the lesser offense [of] Driving While Ability Impaired by the Consumption of Alcohol, in violation of N.Y. Vehicle & Traffic Law § 1192(1), an infraction." Gov't June 13, 2025 Letter at 2. Defendant's conduct therefore did not result in a conviction for driving with a blood alcohol content of at least 0.08—a "conviction for driving

while intoxicated," "under the influence," or a "similar offense"—that would be covered by the plain language of Amended Application Note 5.  Am. Appl. Note 5.

2.    **Under *Potes-Castillo*, Amended Application Note 5 Is Inconsistent With Section 4A1.2(c)(1).**

In the alternative, even if Amended Application Note 5 applied to Defendant's DWAI offense, it is "not binding . . . if it is inconsistent with the Guideline section it interprets."  *Potes-Castillo*, 638 F.3d at 111.  The Court adheres to the Second Circuit's pronouncement that "it would be plainly inconsistent with Section 4A1.2(c) to argue that DWAI offenses . . . are always counted and can never fit within the exclusion explicitly provided in Section 4A1.2(c)(1)."  *Id*. With respect to Amended Application Note 5, following the Second Circuit's analysis of similar language in Application Note 5, the amended note is "not binding" as to Defendant's DWAI offense because it is "inconsistent with Section 4A1.2(c)."  *Id*.

According to the Government, in Amended Application Note 5, "the Commission clarified that, in its judgment, offenses involving alcohol, and the operation of motor vehicles *are* categorically [meaning without qualification or reservation] more serious than the offenses listed in Section 4A1.2(c)(1) . . . and should therefore always count for criminal history."  Gov't's Supp. Br. at 2 (emphasis in original).  But as Defendant points out, the Second Circuit "reject[ed]" that argument in *Potes-Castillo*, holding that, "treat[ing] [DWAI infractions] like felonies (counted without exception)," instead of "like all other misdemeanors and petty offenses (counted unless an exception applies)," would be "plainly inconsistent with Section 4A1.2(c)." *Potes-Castillo*, 638 F.3d at 111; *see also* Def.'s Supp. Br. at 6.  Section 4A1.2(c) continues to direct that "[s]entences for all felony offenses are counted," but that "[s]entences for misdemeanors and petty offenses are counted, except" when either subsection (c)(1) or (c)(2)

provides grounds for exclusion.  *See* U.S.S.G. § 4A1.2(c).[6]  Thus, amending Application Note 5 did not change the fact that, under the plain language of the Guideline, "felonies are the only class of sentences always counted."  *Potes-Castillo*, 638 F.3d 109.[7]  Because "commentary is not 'binding' . . . if it is inconsistent with the Guideline section it interprets," *id.*, the Court adheres to *Potes-Castillo's* conclusion that Defendant's DWAI offense "should be treated like any other misdemeanor or petty offense and analyzed under Section 4A1.2(c)(1)."  *See Gonzalez-Rivera*, 2011 WL 4916395 at *2 (citing *Potes-Castillo*, 638 F.3d at 111).

In sum, in light of Amended Application Note 5's express reference to "[c]onvictions for driving while intoxicated or under the influence" and "similar offenses by whatever name they are known," Am. Appl. Note 5, and, in the alternative, the guidance provided by *Potes-Castillo*, "the Court concludes that [Amended] Application Note 5 does not mechanically apply to Defendant's [DWAI] offense."  *Walia*, 2016 WL 4257347 at *6.

## B.    Guidelines Section 4A1.2(c)(1)

As previously noted, pursuant to Section 4A1.2(c)(1) of the Guidelines, "sentences for the following prior offenses and offenses similar to them," including "careless or reckless driving," "are counted only if (A) the sentence was a term of probation of more than one year . . . or (B) the prior offense was similar to an instant offense."  U.S.S.G. § 4A1.2(c)(1).  As in *Potes-Castillo*, the Court "note[s] that [Defendant's] sentence on the [DWAI violation] was not more

---

[6] In dicta, the Second Circuit contemplated a possible approach to clarifying Application Note 5.  *See Potes-Castillo*, 638 F.3d at 112.  But Amended Application Note 5 does not directly address the Court's holding "that non-felony driving while ability impaired sentences should be treated like any other misdemeanor or petty offense sentences not excluded by Section 4A1.2(c)(2)"—and not as a separate category of offenses that, like felonies, are "always counted."  *See id.* at 109, 114.

[7] The Sentencing Commission has amended the text of a Guideline itself, when doing so was necessary "to ensure consisten[cy] . . . across circuits."  U.S.S.G. Supplement to App'x C, Amendment 827 at 267-68.

than one year of probation or imprisonment for at least thirty days, and his prior offense is not similar to his [instant] conviction." *Potes-Castillo*, 638 F.3d at 113.  Accordingly, the Court follows the Second Circuit's instruction that, where "neither condition (A) nor (B) of Section 4A1.2(c)(1) applies," the issue for the District Court to decide is [] whether [Defendant's] conviction is similar to a conviction for careless or reckless driving." *Potes-Castillo*, 638 F.3d at 113 (internal quotation marks omitted); *see also Walia*, 2016 WL 4257347 at *7 ("Defendant was sentenced to 15 days of imprisonment and a year of conditional discharge, neither of which brings the 2011 offense within the ambit of § 4A1.2(c)(1), provided his 2011 offense is not categorically more serious than the offenses such as careless or reckless driving." (internal quotation marks omitted)).

Under New York law, reckless driving is a criminal offense.[8]  "Reckless driving shall mean driving . . . in a manner which unreasonably interferes with the free and proper use of the public highway . . . or unreasonably endangers users of the public highway or any parking," and "[e]very person violating this provision shall be guilty of a misdemeanor."  *See* N.Y. Veh. & Traf. Law § 1212.  "[C]onsiderably more than mere negligence, than mere minor traffic violations or infractions, and more than the fact of a collision must be found in order to sustain a conviction of reckless driving."  *See People v. Orlofsky*, 332 N.Y.S.2d 778, 781 (Saratoga Cnty. Ct. 1972); *People v. Padmore*, 993 N.Y.S. 2d 645, 2014 WL 2869872, at *1-2 (N.Y. App. Term. 2d. June 18, 2014) (citing *Orlofsky* and deeming factual allegations that defendant "hit and sideswiped [a] parked Toyota" and "exhibited signs of intoxication—slurred speech, red watery eyes, the odor

---

[8] The Court only considers whether Defendant's DWAI is similar to "reckless driving" because New York's Vehicle & Traffic Law does not address "careless" driving.  *Compare* U.S.S.G. § 4A1.2(c)(1) (listing "careless or reckless driving") *with* N.Y. Veh. & Traf. Law Title VII—Rules of the Road (prohibiting "reckless" driving at § 1212, but containing no provisions related to "careless" driving).

of an alcoholic beverage on his breath, and an unsteady gait" insufficient to support a reckless driving charge).

## C.    *Potes-Castillo* Analysis

"Defendant's DWAI offense will count toward his criminal history only if it is categorically more serious than reckless driving." *Gonzalez-Rivera*, 2011 WL 4916395 at *2. *See also DeJesus-Concepcion*, 607 F.3d at 304 (establishing the "categorically more serious" standard). "Th[is] inquiry will necessarily focus on the particular conduct of the defendant," *United States v. Valente*, 915 F.3d 916, 921 (2d Cir. 2019), because his prior offense "punishes a range of conduct under the broad rubric of [DWAI]." *United States v. Morales*, 239 F.3d 113, 118 (2d Cir. 2000). "A district court may consider multiple factors in making its determination: (1) a comparison of punishments imposed for the listed and unlisted offenses, (2) the perceived seriousness of the offense as indicated by the level of punishment, (3) the elements of the offense, (4) the level of culpability involved, (5) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct, (6) the actual conduct involved, and (7) the actual penalty imposed." *Potes-Castillo*, 638 F.3d at 113-14 (citing *DeJesus-Concepcion*, 607 F.3d at 304-05). The district court is not, however, "required to explicitly indicate that it considered [every] listed factor[] or assign any one of them particular weight." *Valente*, 915 F.3d at 922.

(1) *Comparison of Punishments Imposed*. "A [DWAI] . . . shall be a traffic infraction and shall be punishable by a fine of not less than $300 nor more than $500 or by imprisonment in a penitentiary or county jail for not more than 15 days, or by both such fine and imprisonment." N.Y. Veh. & Traf. Law § 1193(1)(a). On the other hand, a first-time reckless driving offense is a misdemeanor, punishable by a term of imprisonment not to exceed 30 days and/or a fine not to

exceed $300.  *Id.* §§ 1212, 1801(6).  A DWAI offense also carries a mandatory 90-day

suspension of one's driver's license; a reckless driving offense does not.  *Id.* § 1193.

(2) *Perceived Seriousness of Each Offense*.  As previously noted, "a DWAI offense is a

'traffic infraction,' and is *not* a crime."  *Id.* at *5 (emphasis in original).  "By contrast, one who

drives recklessly in New York commits a misdemeanor, a criminal offense."  *Id.*

(3) *Elements of Each Offense*.  With respect to a DWAI offense, New York Vehicle &

Traffic Law section 1192(1) focuses on the driver's impairment, stating that "[n]o person shall

operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by

the consumption of alcohol."  With respect to a reckless driving offense, New York Vehicle &

Traffic Law section 1212 focuses on the driver's conduct, providing that "[r]eckless driving shall

mean driving or using any motor vehicle . . . in a manner which unreasonably interferes with the

free and proper use of the public highway, or unreasonably endangers users of the public

highway."

(4) *Level of Culpability.*  Courts interpret "the relative level of culpability" of an offense

as the "degree of moral guilt" associated with the conduct.  *See*, *e.g.*, *United State  v. Campos-

Rodriguez*, 475 F. App'x 367, 369 (2d Cir. 2012) (summary order) (finding that "culpability is

greater" for a crime that "requires *intentional*" action (emphasis in original)); *Morales*, 239 F.3d

at 119 (finding that a crime that requires "at least a threat of violence, as opposed to mere verbal

abuse," "involve[es] a significant degree of moral guilt").

New York's DWAI infraction "is a light, noncriminal offense with *mens rea* squeezed out

of it."  *See Paredes*, 185 F. Supp. 3d at 295.  And although any degree of impairment due to

drinking alcohol is sufficient for a DWAI infraction, "[t]here is no doubt that . . . intoxication,

absent more, does not establish reckless driving."  *People v. Goldblatt*, 950 N.Y.S.2d 210, 210

18

n.2 (3d Dep't 2012); *see Padmore*, 2014 WL 2869872 at *1-2 (dismissing reckless driving charge but upholding DWAI and driving while intoxicated charges); *People v. McKenzie*, 42 N.Y.S.3d 768, 2016 WL 4224214, at *4 (N.Y. City Crim. Ct. April 11, 2016) ("[T]he act of driving in an intoxicated condition does not, by itself, establish the crime of reckless driving."). Instead, "a defendant's impairment due to the consumption of alcohol is a factor which may be considered" in assessing whether a defendant violated the reckless driving statute. *McKenzie*, 2016 WL 4224214 at *4.

New York courts have interpreted the reckless driving statute to require that the defendant "created an actual and apparent, as opposed to a theoretical, danger to the person or property of another." *People v. Dipoumbi*, 889 N.Y.S.2d 506, 2009 WL 1395826, at *3 (N.Y. City Crim. Ct. (April 28, 2009)). At a minimum, this standard necessitates evidence that "pedestrians or other drivers were affected," *People v. Bulgin*, 908 N.Y.S.2d 817, 826 (Bronx Sup. Ct. 2010), though "more [even] than the fact of a collision must be found in order to sustain a conviction of reckless driving." *Orlofsky*, 332 N.Y.S.2d at 301. Moreover, the *mens rea* required "is unique to [the reckless driving] statute and should not be confused with the usual meaning of that term in the context of New York Penal Law offenses requiring a *mens rea* of recklessness." *See Evans v. City of New York*, 2015 WL 1345374 at *36 (E.D.N.Y. Mar. 25, 2015). Courts have dismissed reckless driving charges in the absence of an allegation that the defendant was driving "without regard to the rights, privileges, or consequences of others properly using the highway." *Orlofsky*, 332 N.Y.S.2d at 302; *see also People v. Khurdshudyan*, 951 N.Y.S. 2d 88, 2012 WL 603731, at *1 (N.Y. App. Term 2d. Feb. 15, 2012) (overturning verdict in non-jury trial due to "insufficient evidence that defendant's operation of his vehicle 'unreasonably interfered' with anyone's use of

the oncoming lane . . . or that he thereby 'unreasonably endangered' anyone or anyone's property").

(5) *Likelihood of Recurring Criminal Conduct.*  As discussed in *Gonzalez-Rivera*, the DWAI statute "concerns a type of conduct [alcohol consumption] that, by its very nature, is likely to recur over and over again" and has lower requirements for culpability.  2011 WL 4916395 at *4.  "[A]ny individual who has consumed alcohol and whose ability to operate a vehicle is impaired . . . can be convicted of a DWAI offense."  *Id.*  Thus, DWAI offenses may present an increased likelihood of recidivism relative to reckless driving offenses.  *Id.* Defendant's likelihood of DWAI recidivism, however, is apparently low, given that he has not reoffended in the past ten years.

(6) *Defendant's Actual Conduct.*  This factor is particularly important given that "the 'similar to' comparison should focus on the particular facts of the prior offense whenever the statute that was violated covers a broad range of conduct."  *Morales*, 239 F.3d at 119 (citations omitted); *Valente*, 688 F. App'x at 78 (commenting that "the comparison required by the Guideline must focus on the particular conduct of the defendant").  As previously explained, Defendant "consum[ed] four or five beers" before getting behind the wheel at "approximately 2:00 a.m."  Gov't's June 6, 2025 Letter at 1.  Then, "[w]hile driving, the defendant crossed the double-yellow line and drove on the wrong side of the road to avoid a parked car."  *Id.*  Police officers "observed him to be visibly intoxicated."  *Id.*  He was "unsteady on his feet, smelled of alcohol, had bloodshot, watery eyes, was slurring his speech, and admitted to drinking and driving."  *Id.*  According to the Government, Defendant "was unable to give a coherent answer to a request for consent to administer a breathalyzer" and then "failed some" of the "manual

coordination tests." *Id.* By driving in that condition, Defendant unquestionably and unacceptably created a risk of grievous harm.

Notwithstanding the foregoing, under New York law, Defendant's behavior likely would not be sufficient to sustain a reckless driving charge. For example, in *People v. Khurshudyan*, the Second Department held that evidence that the defendant had "crossed double yellow lines without signaling and, while in the opposing lane of traffic, passed three or four slow-moving vehicles before re-entering [the] proper lane of travel," did not support a guilty verdict on a reckless driving charge. 2012 WL 603731 at *1. "Although the officer's testimony may have established that defendant committed multiple traffic infractions, there was insufficient evidence that defendant's operation of his vehicle '*unreasonably interfere*[*d*]'*with anyone's use of the oncoming lane or the lane from which he left and returned, or that he thereby 'unreasonably endangere*[*d*]'*anyone or anyone's property*." *Id.* (alterations in original) (emphasis added) (citations omitted). A New York jury even acquitted a defendant of reckless driving despite finding that he had been "swerving back and forth across multiple lanes of traffic" and "committing additional traffic infractions" while intoxicated with a blood alcohol content of 0.25.[9] *See People v. Hao Lin*, 2017 WL 3896922, at *1 (2d Dep't Aug. 25, 2017) (commenting that "defendant was convicted of the two counts of driving while intoxicated and acquitted of the remaining counts," including reckless driving); *see also Bulgin*, 908 N.Y.S.2d at 826 (collecting cases). As the Government argued in *Gonzalez-Rivera*, the defendant's "actions—driving through a red light while impaired by alcohol—would not support a New York reckless driving

---

[9] This blood alcohol content level exceeds the statutory threshold for even an aggravated driving while intoxicated offense. *See* N.Y. Veh. & Traf. Law § 1192(2-a) (establishing a "per se" violation of the "aggravated driving while intoxicated" statute for driving with a blood alcohol content level of .18 or higher).

conviction," given that the facts did not suggest he had caused an actual and apparent danger to a person or person's property. *Gonzalez-Rivera*, 2011 WL 4916395 at *5.

Against that backdrop, Defendant's "cross[ing] the double-yellow line and [driving] on the wrong side of the road to avoid a parked car," Gov't June 6, 2025 Letter at 1, is not categorically (*i.e.*, without qualification or reservation) more serious than reckless driving. "In the absence of facts alleging that [Defendant's conduct] created an actual and apparent, as opposed to a theoretical, danger to the person or property of another, the behavior . . . would not satisfy" New York's reckless driving statute. *See Dipoumbi*, 2009 WL 1395826 at *3.

(7) *Actual Penalty Imposed.* Defendant's punishment for his DWAI violation was less severe than the punishments imposed in other DWAI cases where a court subsequently declined to assign a criminal history point. For example, unlike the Defendant here, the defendants in *Gonzalez-Rivera* and *Paredes* were both required to complete treatment for alcohol abuse. *See Gonzalez-Rivera*, 2011 WL 4916395 at *4; *Paredes*, 185 F. Supp. 3d at 290. And even though the defendant in *Walia* "was asleep behind the wheel . . . and the car was not moving," he was "sentenced to 15 days of imprisonment," *Walia*, 2016 WL 4257347 at *1, 7, whereas Defendant's sentence was non-incarceratory. *See also Morales*, 239 F. 3d at 118 (concluding that defendant's prior conviction for harassment was "not clearly more serious than the most relevant of the Listed Offenses" where "[defendant's] punishment was a conditional discharge").

\*      \*      \*

22

## CONCLUSION

For the foregoing reasons, the Court determines that "[Defendant's] DWAI offense is [not] categorically more serious than careless or reckless driving." *Potes-Castillo*, 638 F.3d at 113 (citation and internal quotation marks omitted). Accordingly, the Court will not assign a criminal history point for Defendant's DWAI offense.


SO ORDERED.


Dated: July 22, 2025
       New York, New York

                                              _____
                                              JENNIFER H. REARDEN
                                              United States District Judge